TARA J. ELLIOTT
Assistant U.S. Attorney
U.S. Attorney's Office
101 E. Front Street, Suite 401
Missoula, MT 59802
P.O. Box 8329
Missoula, MT 59807
Phone: (406) 542 8851
FAX: (406) 542 1476
Email: tara.elliott@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 21-19-M-DLC |
|---|---|
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| THOMAS SCOTT COCKRILL, | |
| Defendant. | |

## INTRODUCTION

Cockrill has pled guilty to counts I, II, III, and IV of the indictment which charge the crimes of robbery affecting commerce, in violation of 18 U.S.C.

§ 1951(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Docs. 19, 23.

The Presentence Investigation Report ("PSR") has calculated the Defendant's total offense level as 27 and his Criminal History Category as V, which results in an advisory guideline sentencing range on counts I, II, and III of 120 to 150 months of imprisonment. PSR ¶ 142. The sentence on counts I, II, and III is to be followed by a consecutive seven years of imprisonment on count IV. PSR ¶¶ 140, 141.

The Government has no objections to the PSR. Cockrill maintains one objection to the PSR's application of a seven-level enhancement for the discharge of the firearm at Elevated Dispensary because he states that the discharge was "accidental." PSR Add. For the reasons set forth below, the Government submits that the PSR calculations are correct, and Cockrill's objection should be overruled.

## ARGUMENT

A.  **The enhancement under USSG §2B3.1(b)(2)(A) is applicable.**

During Cockrill's third robbery at Elevated Dispensary on February 13, 2022, after Cockrill brandished a firearm, and as he was leaving the location, he discharged the firearm. PSR ¶¶ 22, 38. Cockrill maintains that this was accidental, and the Government has no information to the contrary; so, Cockrill now argues

that the seven-level enhancement under USSG §2B3.1(b)(2)(A) should not apply but rather the five-level enhancement under §2B3.1(b)(2)(C) for brandishing should be applicable.

First, USSG §1B1.3(a)(1)(A) states that relevant conduct consists of, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."

The Ninth Circuit dealt with a similar issue in *United States v. Wright*, 215 F.3d 1020 at 1030 (2000). Wright was convicted of armed bank robbery, conspiracy to commit armed bank robbery, and using or carrying a firearm during a crime of violence and received the same seven-level enhancement even though the discharge was accidental. *Id*. The Ninth Circuit stated, "by the plain language of § 1B1.3, specific offense characteristics are determined by "all acts and omissions committed ... or willfully caused by the defendant." "Willfully" modifies "caused," not "committed." The guideline thus holds a defendant responsible for his own acts, and for the acts of others that he willfully causes them to commit. Since Wright himself fired the gun, albeit accidentally, the application of the enhancement was proper." *Id*.

3

Here, as in *Wright*, even though the discharge was accidental, the seven-level enhancement is applicable and Cockrill's objection should be overruled.

**B.     United States Sentencing Recommendation and 18 U.S.C. § 3553(a)**

Cockrill is currently 50 years old and has a Criminal History Category of V. PSR ¶ 96. Along with convictions for Forgery, Fraud, and Escape, Cockrill received two additional Criminal History points because he committed the instant offense while under a criminal justice sentence for Burglary. PSR ¶ 95.

Section 3553(a) of Title 18 of the United States Code contains the following directive: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

The Court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing

disparities. 18 U.S.C. § 3553(a)(1), (3) - (7).

Cockrill committed three robberies in the span of merely five days from Missoula to Butte, Montana. PSR ¶ 20-22. In each of the incidents, Cockrill brandished a firearm and demanded money from the victim. *Id*. As discussed above, Cockrill discharged a firearm at the Elevated Dispensary robbery. Whether accidental or not, this incident highlights the danger of the actions Cockrill was taking.

In evaluating the totality of this offense, as well as the individual history and characteristics of Cockrill, the Government submits that a guideline sentence, as ultimately calculated by the Court is sufficient to provide just punishment for Cockrill, deter him from such conduct in the future, and also protect the public for a necessary period of time.

The Government believes that a sentence within the advisory guideline range will adequately address all of the § 3553(a) factors and is sufficient, but not greater than necessary.

///

///

///

///

DATED this 18th day of October, 2022.

                                         JESSE A. LASLOVICH
                                         United States Attorney

                                         */s/ Tara J. Elliott*
                                         TARA J. ELLIOTT
                                         Assistant U.S. Attorney
                                         Attorney for Plaintiff