IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–19–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| THOMAS SCOTT COCKRILL, | |
| Defendant. | |

Before the Court is Defendant Thomas Scott Cockrill's motions for

compassionate release. (Docs. 73, 80.) The government opposes the motions. (Doc.

83.) Cockrill's projected release date is July 16, 2032. *See* Inmate Locator,

http://www.bop.gov/inmateloc (accessed July 22, 2026). For the reasons discussed

below, the Court denies the motions.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing

term of imprisonment so long as a defendant first seeks relief from the Bureau of

Prisons ("BOP") and the reduction: (1) takes into consideration the sentencing

factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and

compelling reasons," or the defendant is at least 70 years old and has served at

least 30 years in prison; and (3) is consistent with the applicable policy statements

1

of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2025).

## I.      Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On April 2, 2026, Cockrill's administrative request for a reduction in sentence was denied. (Doc. 81-1.) As such, it appears as though Cockrill has exhausted his administrative remedies.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or

where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2025). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

(i)     the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii)   such risk cannot be adequately mitigated in a timely manner.

Id. § 1B1.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. Id. § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." Id. § 1B1.13(d).

Cockrill argues that he should be compassionately released because he has been the victim of multiple instances of physical and sexual abuse throughout his incarceration. (Doc. 81 at 5.) In addition, Cockrill contends that he desires to care

for his minor child as the child's sole available caregiver. (*Id.* at 7–9.) Cockrill also highlights his diagnoses with an array of medical conditions. (*Id.* at 9–12.)

The Government opposes Cockrill's motion. (Doc. 83.) The Government contends that the incidents of abuse cited by Cockrill do not fit within USSG § 1B1.13(b)(4)(A)–(B). (*Id.* at 7–9.) As for Cockrill's minor child, the Government contends that "Cockrill's long history of substance abuse and mental health issues do not seem to support that he is the appropriate caregiver without significant treatment." (*Id.* at 10.) Finally, the Government submits that none of Cockrill's medical conditions diminish his ability to provide self-care. (*Id.*)

The Court finds that Cockrill fails to present extraordinary and compelling circumstances which would warrant his release. While the Court takes Cockrill's allegations of abuse seriously, the Government is correct that the incidents of abuse do not fit within the guidelines. Specifically, the abuse was not "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding." USSG § 1B1.13(b)(4)(A)–(B). Regarding Cockrill's desire to care for his minor child, Cockrill has not had any involvement in that child's life since 2020, and Cockrill does not indicate how or why he is the sole available caregiver for the child. Finally, Cockrill's medical conditions can be easily managed by the BOP.

The Court must also address the federal sentencing objectives set forth in 18

4

U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On November 18, 2022, Cockrill was sentenced in this matter to a custodial sentence of 156 months to be followed by 5 years of supervised release after pleading guilty to three counts of robbery affecting commerce, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 67.)

The offense conduct in this matter was very serious. Cockrill robbed three businesses, each time brandishing a firearm and pointing it at an employee of the business. (Doc. 70 ¶¶ 18–40.)

Cockrill's total criminal history score was 12 at the time of sentencing, placing him in criminal history category V. (*Id.* ¶ 96.) His total offense level was 27, which included a five-point upward adjustment for brandishing a firearm, a

seven-point upward adjustment for discharging a firearm during one of the robberies, and a three-point increase in offense level pursuant to USSG §3D1.4. (*Id.* ¶¶ 50–76.) Accordingly, Cockrill's guideline range was 120 to 150 months as to Counts 1–3, and 7 years consecutive to all other Counts as to Count 4. (*Id.* ¶¶ 141–42.) The Court imposed a downward variance based on Cockrill's mental and emotional health issues, as well as the need to provide Cockrill with medical care. (Doc. 68 at 3.)

The Court finds that the § 3553(a) factors do not support compassionate release. Cockrill has an extensive criminal history, his offense conduct was serious, and the Court believes Cockrill still presents a safety risk to the community. The Court already considered Cockrill's mental and physical health issues in imposing Cockrill's sentence.

### CONCLUSION

Cockrill fails to present extraordinary and compelling reasons which would warrant compassionate release. The § 3553(a) factors do not support Cockrill's request.

Accordingly, IT IS ORDERED that Cockrill's motions to reduce sentence (Doc. 73, 80) are DENIED.

DATED this 22nd day of July, 2026.

Dana L. Christensen, District Judge
United States District Court